

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 2 2 2025

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | **First Superseding Indictment** |
| *v.* | No. 1:25-CR-225 |
| DAVID NATHANIEL BLACK, JR., | OUR CASE NO: 25-6489-MJ-PAB |
| CHRIS ELVINS CONSTANT, | **UNDER SEAL** |
| REGINALD DOUGLAS, | |
| GEORGE THOMPSON, | FILED BY _____AT_____ D.C. |
| CARSON MERICE, | |
| YVENORD GUERILUS, | **Aug 14, 2025** |
| NICOLE COOLEY, | |
| RASHAD AVERY, | ANGELA E. NOBLE |
| RISE ROBINSON, AND | CLERK U.S. DIST. CT. |
| TARA BATSON | S. D. OF FLA. - FTL |

THE GRAND JURY CHARGES THAT:

### COUNTS 1 THROUGH 17
### (Wire Fraud)
### (18 U.S.C. § 1343)

1. Beginning on a date unknown to the Grand Jury, but from at least in or about April 2020, and continuing through at least on or about July 31, 2023, in the Northern District of Georgia and elsewhere, the Defendant, DAVID NATHANIEL BLACK, JR., aided and abetted by others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme and artifice to defraud the U.S. Small Business Administration ("SBA") and authorized SBA lenders, and to obtain money and property from the SBA and its lenders by means of materially false and fraudulent pretenses,

1

representations, and promises, and by the omission of material facts ("the wire fraud scheme").

## Background

At times material to this First Superseding Indictment:

2. The SBA was a government agency that provided assistance to small businesses, including financial assistance through loans and other funding programs. SBA's Economic Injury Disaster Loan ("EIDL") program was a long-standing disaster loan program that provided direct funding to businesses to cover operating expenses that could not otherwise be paid because of a disaster's economic impact.

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 that was designed to provide emergency financial assistance to individuals and businesses who were suffering the economic effects caused by the COVID-19 pandemic.

4. The CARES Act made numerous changes to the SBA's programs, including expanded eligibility for EIDLs. The maximum loan amount for COVID-19 EIDLs varied during the availability of the program, with loans initially capped at $150,000, which was later increased to $500,000 on or about April 6, 2021, and then to $2 million on or about October 8, 2021.

5. The CARES Act also authorized up to $349 billion in forgivable loans to small businesses through a program referred to as the Paycheck Protection Program ("PPP"). The SBA oversaw the PPP but, unlike the EIDL program, did not provide direct funding. PPP loans were issued by private, approved lenders

who received and processed PPP applications and supporting documentation, and then made loans using the lender's own funds, which were guaranteed by the SBA. Eligibility for PPP loans depended on numerous factors, including the number of employees. The amount of a PPP loan was calculated based on the small business's average monthly payroll costs. Businesses had to use PPP loan proceeds for specific business operations, such as payroll costs, utilities, and rent.

6. Lender 1 was an approved SBA lender for PPP loans.

*Victim Companies*

7. Company 1 was registered with Florida's Division of Corporations as a Foreign Limited Liability Company on or about June 24, 2004. G.E. was listed as a company manager for Company 1.

8. Company 2 was registered with the Secretary of the Commonwealth of Massachusetts as a domestic profit corporation on or about June 26, 2006. J.P. was listed as Company 2's president and treasurer.

9. Company 3 was registered with the Ohio Secretary of State as a domestic profit corporation on or about April 24, 1986. E.D. was listed as an officer of Company 3.

10. Company 4 was registered with the Ohio Secretary of State as a limited liability company on or about April 13, 2018. M.C. was listed as an officer of Company 4. On or about December 11, 2019, Company 4 was also registered with Florida's Division of Corporations as a Foreign Limited Liability Company. M.C. was listed as a company manager.

3

11. Company 5 was registered with Florida's Division of Corporations as a Foreign Limited Liability Company on or about August 19, 2013. A.W. was listed as the company manager from Company 5.

12. Company 6 was registered with the Ohio Secretary of State as a domestic profit limited liability company on or about February 15, 2017. J.K. was listed as an officer of Company 6. On or about June 19, 2017, Company 6 was also registered with Florida's Division of Corporations as a Foreign Limited Liability Company. J.K. was listed as a company manager.

13. Company 7 was registered with the Illinois Secretary of State as a domestic corporation on or about October 30, 2006. J.S. was listed as the president and secretary for Company 7. On or about March 11, 2009, Company 7 was registered with Florida's Division of Corporations as a Foreign Limited Liability Company. J.S. was listed as a company manager.

14. Company 8 was registered with the Minnesota Secretary of State as a domestic corporation on or about February 14, 2005. J.B. was listed as the company manager for Company 8.

15. Company 9 was registered with the Rhode Island Department of State as a domestic profit corporation on or about February 21, 2011. D.M. was listed as the president for Company 9.

16. Company 10 was registered with the Illinois Secretary of State as a domestic corporation on or about May 14, 2014. J.M. was listed as the president, director, and secretary of Company 10.

17. Company 11 was registered with the Washington Secretary of State as a domestic corporation on or about October 1, 2009. W.A. and B.U. were listed as incorporators for Company 11.

### Scheme and Artifice to Defraud

18. As part of the scheme and artifice to defraud, between in or about November 2020 and in or about June 2023, Defendant BLACK and others registered and caused to be registered Companies 1 through 11 ("the Companies") with the Georgia Secretary of State without the knowledge or authorization of the company officers identified in Paragraphs 7 through 17. Instead, the Georgia Secretary of State registration listed the person identified below as a company officer:

| Company 1 | E.C. |
|---|---|
| Company 2 | RISE ROBINSON |
| Company 3 | NICOLE COOLEY |
| Company 4 | NICOLE COOLEY |
| Company 5 | CHRIS CONSTANT |
| Company 6 | CARSON MERICE |
| Company 7 | TARA BATSON |
| Company 8 | GEORGE THOMPSON |
| Company 9 | REGINALD DOUGLAS |
| Company 10 | RASHAD AVERY |
| Company 11 | YVENORD GEURILIS |

19. After the Companies were registered in Georgia, between in or about November 2020 and in or about June 2023, business bank accounts were opened in each Company's name at financial institutions in the Northern District of Georgia and elsewhere, which identified the individuals listed below as the authorized signers on the accounts:

5

| Bank Account | Name on Account | Signer |
|---|---|---|
| SunTrust account ending 4219 ("SunTrust 4219") | Company 1 | E.C. |
| SunTrust account ending 7315 ("SunTrust 7315") | Company 2 | RISE ROBINSON |
| JP Morgan Chase Bank account ending 6971 ("JPMC 6971") | Company 3 | NICOLE COOLEY |
| Wells Fargo Bank account ending 7224 ("Wells Fargo 7224") | Company 4 | NICOLE COOLEY |
| Fifth Third Bank account ending 1824 ("Fifth Third 1824") | Company 5 | CHRIS CONSTANT |
| Bank of America account ending 3517 ("BOA 3517")<br><br>Bank of America account ending 6087 ("BOA 6087") | Company 6 | CARSON MERICE |
| JP Morgan Chase Bank account ending 9572 ("JPMC 9572") | Company 7 | TARA BATSON |
| PNC Bank account ending 2677 ("PNC 2677") | Company 8 | GEORGE THOPSON |
| First Citizens Bank account ending 4680 ("First Citizens 4680")<br><br>PNC Bank account ending 2227 ("PNC 2227") | Company 9 | REGINALD DOUGLAS |
| Fifth Third Bank account ending 1472 ("Fifth Third 1472") | Company 10 | RASHAD AVERY |

| Truist account ending in 1028 ("Truist 1028")  JP Morgan Chase Bank account ending in 6900 ("JPMC 6900") | Company 11 | YVENORD GUERILUS |
|---|---|---|

20. To obtain loan proceeds that he was not entitled to receive, Defendant BLACK electronically submitted and caused others to submit numerous EIDL and PPP loan applications on behalf of Companies 1 through 11. Defendant BLACK and others misrepresented that each application was filed by one of the company officers identified in paragraphs 7 through 17 and, in doing so, used the personal identification information for these officers. The applications were submitted without the officers' knowledge.

21. The fraudulent EIDL and PPP applications contained fraudulent information about the Companies, such as the number of employees, the need for the loan, the intended use of the funds, average monthly payroll, and gross revenue. The applications included fraudulent supporting documentation, such as IRS tax returns, bank statements, and payroll documents. The SBA and Lender 1 relied on the accuracy of the information in the loan applications and supporting documentation to determine if the loans would be funded.

22. As a result of the misrepresentations in the EIDL and PPP loan applications, the SBA and Lender 1 disbursed more than $9 million in loan proceeds to the bank accounts identified in paragraph 19.

## Execution of the Wire Fraud Scheme

23. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendant, DAVID NATHANIEL BLACK, JR., aided and abetted by others known and unknown to the Grady Jury, for the purpose of executing the scheme and artifice to defraud described above, with the intent to defraud, caused to be transmitted by means of wire communication in interstate commerce the following wire transmissions described below, each transmission constituting a separate count:

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 1 | 11/04/2020 | EIDL application for $150,000 electronically submitted to SBA for Company 1 |
| 2 | 12/04/2020 | EIDL application for $150,000 electronically submitted to SBA for Company 2 |
| 3 | 1/22/2021 | EIDL application for $150,000 electronically submitted to SBA for Company 3 |
| 4 | 3/26/2021 | PPP application for $148,500 electronically submitted to Lender 1 for Company 4 |
| 5 | 4/13/2021 | EIDL application for $494,800 electronically submitted to SBA for Company 4 |
| 6 | 4/14/2021 | PPP application for $221,300 electronically submitted to Lender 1 for Company 5 |
| 7 | 7/27/2021 | EIDL application for $486,500 electronically submitted to SBA for Company 6 |
| 8 | 9/07/2021 | EIDL application for $500,000 electronically submitted to SBA for Company 10 |
| 9 | 9/09/2021 | EIDL application for $498,800 electronically submitted to SBA for Company 7 |
| 10 | 9/21/2021 | EIDL application for $499,000 electronically submitted to SBA for Company 8 |
| 11 | 10/03/2021 | EIDL application for $458,300 electronically submitted to SBA for Company 9 |

| 12 | 1/03/2022 | EIDL application for $629,100 electronically submitted to SBA for Company 8 |
| 13 | 1/18/2022 | EIDL application for $798,600 electronically submitted to SBA for Company 7 |
| 14 | 1/18/2022 | EIDL application for $1,492,600 electronically submitted to SBA for Company 6 |
| 15 | 3/05/2022 | EIDL application for $669,700 electronically submitted to SBA for Company 9 |
| 16 | 3/05/2022 | EIDL application for $872,000 electronically submitted to SBA for Company 9 |
| 17 | 5/31/2023 | EIDL application for $989,500 electronically submitted to SBA for Company 11 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 18 THROUGH 34
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

24. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 2 through 22, as if fully set forth herein.

25. From on or about November 4, 2020, and continuing through on or about May 31, 2023, in the Northern District of Georgia and elsewhere, the Defendant, DAVID NATHANIEL BLACK, JR., aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name and Social Security number of each person identified below, during and in relation to committing the felony violations identified below:

| COUNT | PERSON | FELONY VIOLATION |
| --- | --- | --- |
| 18 | G.E. | Wire Fraud as alleged in Count 1 |
| 19 | J.P. | Wire Fraud as alleged in Count 2 |
| 20 | E.D. | Wire Fraud as alleged in Count 3 |

9

| 21 | M.C. | Wire Fraud as alleged in Count 4 |
| 22 | M.C. | Wire Fraud as alleged in Count 5 |
| 23 | A.W. | Wire Fraud as alleged in Count 6 |
| 24 | J.K. | Wire Fraud as alleged in Count 7 |
| 25 | J.M. | Wire Fraud as alleged in Count 8 |
| 26 | J.S. | Wire Fraud as alleged in Count 9 |
| 27 | J.B. | Wire Fraud as alleged in Count 10 |
| 28 | D.M. | Wire Fraud as alleged in Count 11 |
| 29 | J.B. | Wire Fraud as alleged in Count 12 |
| 30 | J.S. | Wire Fraud as alleged in Count 13 |
| 31 | J.K. | Wire Fraud as alleged in Count 14 |
| 32 | D.M. | Wire Fraud as alleged in Count 15 |
| 33 | D.M. | Wire Fraud as alleged in Count 16 |
| 34 | W.A. | Wire Fraud as alleged in Count 17 |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNTS 35 THROUGH 140
### (Money Laundering)
### (18 U.S.C. § 1957)

26. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 2 through 23, as if fully set forth herein.

### Background

At times material to this First Superseding Indictment:

27. BlackFire Technologies, Inc. ("BlackFire") was a Georgia corporation. On or about October 31, 2018, articles of incorporation for BlackFire were filed with the Georgia Secretary of State, identifying Defendant BLACK as the incorporator.

28. Ameris Bank business account ending in 4062 ("Ameris 4062") was in the name of BlackFire, and Defendant BLACK was the authorized signer on the account.

10

29. Citizens Trust business account ending in 2612 ("Citizens 2612") was in the name of BlackFire, and Defendant BLACK was the authorized signer on the account.

30. Navy Federal Credit Union business account ending in 6927 ("NFCU 6927") was in the name of BlackFire, and Defendant BLACK was the authorized signer on the account.

31. Coastal Community Credit Union business account ending in 5594 ("Coastal 5594") was in the name of BlackFire, and Defendant BLACK was the authorized signer on the account.

32. Vanguard business account ending in 1887 ("Vanguard 1887") was in the name of BlackFire, and Defendant BLACK was the authorized signer on the account.

33. The Patent Trade Corporation ("Patent Trade") was a Georgia corporation. On or about October 7, 2020, articles of incorporation for Patent Trade were filed with the Georgia Secretary of State, identifying Defendant BLACK as the incorporator.

34. Citizens Trust business accounts ending in 2604 ("Citizens 2604") and ending in 2596 ("Citizens 2596") were in the name of Patent Trade, and Defendant BLACK was the authorized signer on the accounts.

35. Navy Federal Credit Union account ending in 4889 ("NFCU 4889") was in the name of Defendant BLACK.

11

36. De La Noire Limited ("De La Noire") was a Georgia corporation. On or about August 19, 2021, articles of incorporation for De La Noire were filed with the Georgia Secretary of State, identifying Defendant BLACK as the incorporator.

37. Navy Federal Credit Union business account ending in 3044 ("NFCU 3044") was in the name of De La Noire, and Defendant BLACK was the authorized signer on the account.

### Deposit of Fraud Proceeds

38. On or about the dates listed below, EIDL and PPP loan proceeds were deposited into the bank accounts identified:

| Date | Deposit | Bank Account |
|------|---------|--------------|
| 11/24/2020 | $149,900 EIDL for Company 1 | SunTrust 4219 |
| 12/11/2020 | $149,900 EIDL for Company 2 | Truist 7315 |
| 1/28/2021 | $149,900 EIDL for Company 3 | JPMC 6971 |
| 4/19/2021 | $148,500 PPP for Company 4 | Wells Fargo 7224 |
| 5/05/2021 | $494,700 EIDL for Company 4 | Wells Fargo 7224 |
| 6/11/2021 | $221,300 PPP for Company 5 | Fifth Third 1824 |
| 8/23/2021 | $486,400 EIDL for Company 6 | BOA 3517 |
| 10/02/2021 | $498,700 EIDL for Company 7 | JPMC 9572 |
| 10/18/2021 | $499,900 EIDL for Company 10 | Fifth Third 1472 |
| 10/26/2021 | $498,900 EIDL for Company 8 | PNC 2677 |
| 11/15/2021 | $458,200 EIDL for Company 9 | First Citizens 4680 |
| 1/20/2022 | $629,100 EIDL for Company 8 | PNC 2677 |
| 3/15/2022 | $669,700 EIDL for Company 9 | PNC 2227 |
| 3/24/2022 | $789,600 EIDL for Company 7 | PNC 1019 |
| 5/17/2022 | $872,000 EIDL for Company 9 | PNC 2227 |
| 5/18/2022 | $1,492,600 EIDL for Company 6 | BOA 6087 |
| 7/31/2023 | $989,500 EIDL for Company 11 | Truist 1028 |

39. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendants identified below, aided and abetted by each other

12

and by others known and unknown to the Grand Jury, knowingly engaged and attempted to engage in the monetary transactions identified below in criminally derived property of a value greater than $10,000, said property having been derived from specified unlawful activity, namely, the wire fraud scheme alleged in this First Superseding Indictment:

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|-------|--------------|------|----------------------|
| 35 | BLACK | 11/25/2020 | $58,000 wire transfer from SunTrust 4219 to Ameris 4062 |
| 36 | BLACK ROBINSON | 12/14/2020 | $12,000 cash withdrawal from Truist 7315 |
| 37 | BLACK ROBINSON | 12/14/2020 | Purchase of $42,689.90 official check from SunTrust 7315 issued to BlackFire |
| 38 | BLACK COOLEY | 1/29/2021 | $48,690 wire transfer from JPMC 6971 to Ameris 4062 |
| 39 | BLACK COOLEY | 1/29/2021 | Purchase of $26,500 cashier's check from JPMC 6971 issued to Patent Trade |
| 40 | BLACK COOLEY | 4/23/2021 | $39,781.77 wire transfer from Wells Fargo 7224 to NFCU 4889 |
| 41 | BLACK COOLEY | 4/24/2021 | Purchase of $34,468.23 cashier's check from Wells Fargo 7224 issued to Defendant BLACK |
| 42 | BLACK COOLEY | 4/29/2021 | $30,000 wire transfer from Wells Fargo 7224 to PNC 4958, in the name of C.C. |
| 43 | BLACK COOLEY | 5/06/2021 | $44,908.52 wire transfer from Wells Fargo 7224 to Citizens 2612 |
| 44 | BLACK COOLEY | 5/06/2021 | $36,781.12 wire transfer from Wells Fargo 7224 to Capital One account ending in 6633, in the name of Defendant COOLEY |

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 45 | BLACK COOLEY | 5/07/2021 | Purchase of $40,766.50 cashier's check from Wells Fargo 7224 issued to Patent Trade |
| 46 | BLACK COOLEY | 5/07/2021 | Purchase of $26,000.98 from Wells Fargo 7224 issued to Malcolm Cunningham Chevrolet |
| 47 | BLACK COOLEY | 5/07/2021 | Purchase of $42,889.76 cashier's check from Wells Fargo 7224 issued to Defendant BLACK |
| 48 | BLACK COOLEY | 5/08/2021 | Purchase of $40,345.50 cashier's check from Wells Fargo 7224 issued to Defendant BLACK |
| 49 | BLACK COOLEY | 5/10/2021 | $30,000 wire transfer from Wells Fargo 7224 to Citizens 2612 |
| 50 | BLACK COOLEY | 5/10/2021 | Purchase of $48,409.72 cashier's check from Wells Fargo 7224 issued to Defendant BLACK |
| 51 | BLACK CONSTANT | 6/15/2021 | $13,300 cash withdrawal from Fifth Third 1824 |
| 52 | BLACK CONSTANT | 6/15/2021 | $38,560 cash withdrawal from Fifth Third 1824 |
| 53 | BLACK CONSTANT | 6/15/2021 | $45,616.14 wire transfer from Fifth Third 1824 to NFCU 4889 |
| 54 | BLACK CONSTANT | 6/17/2021 | $41,970.57 wire transfer from Fifth Third 1824 to NFCU 6927 |
| 55 | BLACK CONSTANT | 6/18/2021 | $37,600 wire transfer from Fifth Third 1824 to Bank of America account ending 7320 ("BOA 7320"), in the name of Direct Premium Buys LLC and controlled by Defendant CONSTANT |
| 56 | BLACK MERICE | 8/27/2021 | $41,970.57 wire transfer from BOA 3517 to NFCU 6927 |
| 57 | BLACK MERICE | 8/27/2021 | Purchase of $32,612.51 cashier's check from BOA 3517 issued to Defendant BLACK |

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 58 | BLACK MERICE | 8/27/2021 | Purchase of $22,535 cashier's check from BOA 3517 issued to Defendant MERICE |
| 59 | BLACK MERICE | 8/30/2021 | Purchase of $37,412.80 cashier's check from BOA 3517 issued to BlackFire Technologies Inc |
| 60 | BLACK MERICE | 8/30/2021 | $98,799.22 wire transfer from BOA 3517 to NFCU 3044 |
| 61 | BLACK MERICE | 8/30/2021 | Purchase of $42,604.83 cashier's check from BOA 3517 issued to De La Noire |
| 62 | BLACK MERICE | 8/30/2021 | $14,860.55 wire transfer from BOA 3517 to Truist account ending in 6561 ("Truist 6561"), in the name of Defendant MERICE |
| 63 | BLACK CONSTANT MERICE | 9/01/2021 | $86,471.11 wire transfer from BOA 3517 to Fifth Third 1824 |
| 64 | BLACK CONSTANT MERICE | 9/01/2021 | $11,530 ACH transfer from BOA 3517 to BOA 7320 |
| 65 | BLACK CONSTANT MERICE | 9/01/2021 | $43,673.30 wire transfer from BOA 3517 to Fifth Third 1824 |
| 66 | BLACK CONSTANT MERICE | 9/07/2021 | $13,848 ACH transfer from BOA 3517 to BOA 7320 |
| 67 | BLACK BATSON | 10/04/2021 | Purchase of $64,764.07 cashier's check from JPMC 9572 issued to De La Noire |
| 68 | BLACK BATSON | 10/13/2021 | Purchase of $71,644.70 cashier's check from JPMC 9572 issue to De La Noire |
| 69 | BLACK BATSON | 10/13/2021 | Purchase of $82,412.86 cashier's check from JPMC 9572 issued to BlackFire |
| 70 | BLACK BATSON | 10/14/2021 | $17,500 cash withdrawal from JPMC 9572 |

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 71 | BLACK BATSON | 10/15/2021 | $15,000 cash withdrawal from JPMC 9572 |
| 72 | BLACK BATSON | 10/19/2021 | $15,500 cash withdrawal from JPMC 9572 |
| 73 | BLACK AVERY | 10/19/2021 | $41,970.57 wire transfer from Fifth Third 1472 to NFCU 6927 |
| 74 | BLACK AVERY | 10/19/2021 | Purchase of $32,604.83 cashier's check from Fifth Third 1472 issued to De La Noire |
| 75 | BLACK AVERY | 10/20/2021 | $51,471.22 wire transfer from Fifth Third 1472 to NFCU 3044 |
| 76 | BLACK AVERY | 10/20/2021 | Purchase of $22,677.40 cashier's check from Fifth Third 1472 issued to Defendant BLACK |
| 77 | BLACK AVERY | 10/20/2021 | Purchase of $29,786.42 cashier's check from Fifth Third 1472 issued to Defendant AVERY |
| 78 | BLACK DOUGLAS | 11/16/2021 | $68,456.67 wire transfer from First Citizens 4680 to Coastal 5594 |
| 79 | BLACK DOUGLAS | 11/17/2021 | $72,642.23 wire transfer from First Citizens 4680 to Navy Federal Credit Union account ending in 3216 ("NFCU 3216"), in the name of Defendant DOUGLAS |
| 80 | BLACK CONSTANT DOUGLAS | 11/18/2021 | $91,533.46 wire transfer from First Citizens 4680 to BOA 7320 |
| 81 | BLACK CONSTANT | 11/22/2021 | $81,221.76 wire transfer from BOA 7320 to Coastal 5594 |
| 82 | BLACK DOUGLAS | 11/22/2021 | $70,173 wire transfer from First Citizens 4680 to NFCU 3216 |
| 83 | BLACK DOUGLAS | 11/22/2021 | $65,000 wire transfer from First Citizens 4680 to NT Diamonds LLC |
| 84 | BLACK DOUGLAS | 11/22/2021 | $40,000 wire transfer from First Citizens 4680 to NT Diamonds LLC |

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 85 | BLACK CONSTANT THOMPSON | 12/17/2021 | $96,701.44 wire transfer from PNC 2677 to BOA 7320 |
| 86 | BLACK THOMPSON | 12/16/2021 | $54,218.90 wire transfer from PNC 2677 to Coastal 5594 |
| 87 | BLACK THOMPSON | 12/16/2021 | $57,331.67 wire transfer from PNC 2677 to Bank of America account ending in 3589 ("BOA 3589"), in the name of MSS Electronic Inc and controlled by Defendant THOMPSON |
| 88 | BLACK THOMPSON | 12/17/2021 | $82,745.90 wire transfer from PNC 2677 to Truist account ending in 7795 ("Truist 7795"), in the name of MS Support LLC and controlled by Defendant THOMPSON |
| 89 | BLACK THOMPSON | 12/21/2021 | $91,686.98 wire transfer from PNC 2677 to Coastal 5594 |
| 90 | BLACK CONSTANT | 12/21/2021 | $91,108.79 wire transfer from BOA 7320 to Coastal 5594 |
| 91 | BLACK THOMPSON | 12/30/2021 | $83,561.89 wire transfer from PNC 2677 to BOA 3589 |
| 92 | BLACK THOMPSON | 1/26/2022 | $164,201.92 wire transfer from PNC 2677 to Coastal 5594 |
| 93 | BLACK THOMPSON | 1/26/2022 | $119,872.40 wire transfer from PNC 2677 to Truist 7795 |
| 94 | BLACK CONSTANT THOMPSON | 1/27/2022 | $97,641.09 wire transfer from PNC 2677 to BOA 7320 |
| 95 | BLACK THOMPSON | 1/27/2022 | $88,430.55 wire transfer from PNC 2677 to BOA 3589 |
| 96 | BLACK CONSTANT THOMPSON | 1/31/2022 | $42,677.99 wire transfer from PNC 2677 to JPMC 0680 |
| 97 | BLACK CONSTANT | 1/31/2022 | $90,776.14 wire transfer from BOA 7320 to Coastal 5594 |
| 98 | BLACK CONSTANT | 1/31/2022 | $40,141.27 wire transfer from JPMC 0680 to Coastal 5594 |

17

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 99 | BLACK | 2/01/2022 | $200,000 wire transfer from Coastal 5594 to Paul Miller Auto Group for purchase of 2022 Bentley Bentayga |
| 100 | BLACK THOMPSON | 2/04/2022 | $101,342.80 wire transfer from PNC 2677 to Truist 7795 |
| 101 | BLACK DOUGLAS | 3/16/2022 | $112,890.12 wire transfer from PNC 2227 to Coastal 5594 |
| 102 | BLACK | 3/17/2022 | $50,000 wire transfer from Coastal 5594 to NT Diamonds LLC |
| 103 | BLACK DOUGLAS | 3/17/2022 | $121,904.72 wire transfer from PNC 2227 to NFCU 3216 |
| 104 | BLACK CONSTANT DOUGLAS | 3/17/2022 | $89,417.50 wire transfer from PNC 2227 to BOA 7320 |
| 105 | BLACK CONSTANT | 3/18/2022 | $82,194.36 wire transfer from BOA 7320 to Coastal 5594 |
| 106 | BLACK DOUGLAS | 3/21/2022 | $88,632 wire transfer from PNC 2227 to NFCU 3216 |
| 107 | BLACK DOUGLAS | 3/24/2022 | $20,000 wire transfer from PNC 2227 to PNC Bank account ending in 1521 ("PNC 1521"), in the name of M.H. |
| 108 | BLACK DOUGLAS | 3/24/2022 | $40,000 wire transfer from PNC 2227 to NT Diamonds LLC |
| 109 | BLACK CONSTANT | 3/25/2022 | $228,732.86 wire transfer from PNC 1019 to Coastal 5594 |
| 110 | BLACK AVERY | 3/25/2022 | $30,000 wire transfer from Coastal 5594 to PNC Bank account ending in 4703 ("PNC 4703"), in the name of Made Young and controlled by Defendant AVERY |
| 111 | BLACK AVERY COOLEY | 3/26/2022 | Purchase of $27,000 cashier's check from PNC 4703 issued to Defendant COOLEY |
| 112 | BLACK CONSTANT | 3/28/2022 | $192,438.72 wire transfer from PNC 1019 to BOA 7320 |

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 113 | BLACK CONSTANT MERICE | 3/28/2022 | $173,568.59 wire transfer from PNC 1019 to BOA 6087 |
| 114 | BLACK MERICE | 3/30/2022 | $170,884.06 wire transfer from BOA 6087 to Coastal 5594 |
| 115 | BLACK CONSTANT | 3/30/2022 | $176,803.70 wire transfer from PNC 1019 to Coastal 5594 |
| 116 | BLACK | 3/30/2022 | $350,000 wire transfer from Coastal 5594 to Motorcars of Georgia for purchase of 2020 McLaren 720S Convertible |
| 117 | BLACK CONSTANT DOUGLAS | 4/05/2022 | $133,412.43 wire transfer from PNC 2227 to BOA 7320 |
| 118 | BLACK DOUGLAS | 5/18/2022 | $173,200.15 wire transfer from PNC 2227 to NFCU 3216 |
| 119 | BLACK DOUGLAS | 5/19/2022 | $148,621.07 wire transfer from NFCU 3216 to Ocean Auto Center |
| 120 | BLACK DOUGLAS | 5/20/2022 | $140,045 wire transfer from PNC 2227 to Coastal 5594 |
| 121 | BLACK DOUGLAS | 5/20/2022 | $187,322 wire transfer from PNC 2227 to Navy Federal Credit Union account ending in 9153 ("NFCU 9153"), in the name of Oh Mi Transportation Inc and controlled by Defendant DOUGLAS |
| 122 | BLACK CONSTANT MERICE | 5/20/2022 | $227,347.92 wire transfer from BOA 6087 to JP Morgan Chase account ending in 0680 ("JPMC 0680"), in the name of ER Assist Inc and controlled by Defendant CONSTANT |
| 123 | BLACK DOUGLAS | 5/23/2022 | $240,000 wire transfer from PNC 2227 to Coastal 5594 |
| 124 | BLACK DOUGLAS | 5/23/2022 | $20,000 wire transfer from PNC 2227 to PNC 1521 |

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 125 | BLACK CONSTANT MERICE | 5/24/2022 | $173,319.02 wire transfer from BOA 6087 to JP Morgan Chase account ending in 1823 ("JPMC 1823"), in the name of KZJ Enterprises LLC and controlled by Defendant CONSTANT |
| 126 | BLACK MERICE | 5/26/2022 | $268,211.09 wire transfer from BOA 6087 to Coastal 5594 |
| 127 | BLACK CONSTANT MERICE | 6/01/2022 | $153,209.58 wire transfer from BOA 6087 to JPMC 1823 |
| 128 | BLACK MERICE | 6/03/2022 | $173,619.18 wire transfer from BOA 6087 to Coastal 5594 |
| 129 | BLACK | 6/06/2022 | $150,000 wire transfer from Coastal 5594 to C.D.T., owner of NT Diamonds LLC |
| 130 | BLACK MERICE | 6/07/2022 | $169,962.03 wire transfer from BOA 6087 to Coastal 5594 |
| 131 | BLACK CONSTANT MERICE | 7/01/2022 | $122,309.19 wire transfer from BOA 6087 to JPMC 0680 |
| 132 | BLACK GUERILUS | 8/01/2023 | $274,790.75 wire transfer from Truist 1028 to Vanguard 1887 |
| 133 | BLACK | 8/02/2023 | $273,090 wire transfer from Vanguard 1887 to HSBC account ending in 0638 ("HSBC 0638"), in the name of Defendant BLACK |
| 134 | BLACK | 8/02/2023 | $273,000 wire transfer from HSBC 0638 to HSBC account ending in 8649 ("HSBC 8649"), in the name of Defendant BLACK |
| 135 | BLACK | 8/02/2023 | $180,645 wire transfer from HSBC 8649 to Dayu Investments LLC for payment of rent for year 2023-2024 |
| 136 | BLACK CONSTANT GUERILUS | 8/04/2023 | $174,500 wire transfer from Truist 1028 to JPMC 0680 |

| COUNT | DEFENDANT(S) | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 137 | BLACK | 8/04/2023 | $142,680 wire transfer from HSBC 0638 to PTG365 LLC for down payment of 2023 Mercedes Benz G-Class wagon |
| 138 | BLACK GUERILUS MERICE | 8/08/2023 | $112,691.73 wire transfer from Truist 1028 to JP Morgan Chase account ending in 5705 ("JPMC 5705"), in the name of 49 Productions Inc and controlled by Defendant MERICE |
| 139 | BLACK GUERILUS MERICE | 8/10/2023 | $100,000 wire transfer from Truist 1028 to JPMC 5705 |
| 140 | BLACK GUERILUS | 8/17/2023 | $72,688.15 wire transfer from Truist 1028 to JPMC 6900 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

### COUNT 141
### (Money Laundering Conspiracy)
### (18 U.S.C. § 1956(h))

40. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraph 27, as if fully set forth herein.

41. Beginning on a date unknown to the Grand Jury, but from at least on or about May 6, 2020, and continuing through at least on or about May 19, 2020, in the Northern District of Georgia and elsewhere, the Defendants, DAVID NATHANIEL BLACK, JR., and CHRIS ELVINS CONSTANT, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and others unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions in and affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is,

21

wire fraud, in violation of Title 18, United States Code, Section 1343, and theft of government funds, in violation of Title 18, United States Code, Section 641, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Background

At times material to this First Superseding Indictment:

42. Unemployment Insurance ("UI") was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or about March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program ("PUA"), Federal Pandemic Unemployment Compensation ("FPUC"), and the Lost Wages Assistance Program ("LWAP").

43. The Employment Security Department of Washington State ("ESD") was the state agency that oversaw the UI program in Washington. Through this agency, unemployment benefits could be issued to Washington residents who were unemployed because of the COVID-19 pandemic. ESD received federal funds to distribute in the form of unemployment benefits. In general, a person

22

seeking unemployment benefits through ESD had to complete an online application that included, among other things, the claimant's name, date of birth, Social Security number, and the reason that the claimant was unemployed. If approved for unemployment benefits, the benefits were most often issued in the form of a direct deposit into the claimant's designated bank account or transferred to a prepaid debit card.

44. On or about November 12, 2019, Defendant BLACK opened a business bank account at LGE Community Credit Union ("LGE 1410"), in the name of BlackFire.

45. Elvins Technology, Corp. ("Elvins") was a Florida corporation. On or about August 19, 2019, articles of incorporation for Elvins were filed with the Florida Secretary of State, identifying Defendant CONSTANT as the incorporator.

46. On or about February 24, 2020, Defendant CONSTANT opened a business bank account at CitiBank ("Citi 3877"), in the name of Elvins.

### Purpose of the Conspiracy

47. A purpose of the conspiracy was for Defendants BLACK and CONSTANT unlawfully to enrich themselves and others by obtaining unemployment benefits issued in the names of unknowing victims and based on fraudulent applications submitted to ESD. Once the fraudulent unemployment benefits were deposited into bank accounts that they controlled, Defendants BLACK and CONSTANT conducted financial transactions involving the fraud proceeds, and did so in a

manner to conceal the nature, location, source, ownership, and control of the proceeds.

**Manner and Means**

48. Defendants BLACK and CONSTANT and their co-conspirators used the following manner and means to accomplish the purpose of the conspiracy:

    a. Between on or about May 6, 2020, and on or about May 19, 2020, UI applications were electronically submitted to ESD using multiple victims' personal identifying information, including their names, dates of birth, and Social Security numbers, without the victims' knowledge and authorization.

    b. The applications directed ESD to deposit the unemployment benefits into Citi 3877, in the name of Elvins and controlled by Defendant CONSTANT.

    c. For example, on or about May 12, 2020, as a result of a fraudulent UI application in the name of T.D., ESD deposited $10,710 into Citi 3877.

    d. On the same day, Defendant CONSTANT wire transferred $9,500 to LGE 1410, in the name of BlackFire and controlled by Defendant BLACK.

    e. On or about May 14, 2020, at a bank branch in the Northern District of Georgia, Defendant BLACK withdrew approximately $14,290 in cash, which included funds from the $9,500 wire transfer.

24

f. Defendants BLACK and CONSTANT concealed and disguised the nature, location, source, ownership, and control of the fraud proceeds by immediately transferring the proceeds between business bank accounts and then quickly withdrawing the proceeds in cash.

g. Defendants BLACK and CONSTANT engaged in transactions in and affecting interstate commerce, involving the movement of money by wire and other means, and involving the use of financial institutions engaged in interstate commerce.

All in violation of Title 18, United States Code, Section 1956(h).

<u>FORFEITURE PROVISION</u>

49. Upon conviction for any of the offenses alleged in Counts 1 through 17 of the First Superseding Indictment, the Defendant, DAVID NATHANIEL BLACK, JR., shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including, but not limited to, a personal money judgment equal to the amount of proceeds obtained as a result of the offense.

50. Upon conviction for any of the offenses alleged in Counts 35 to 140 of this First Superseding Indictment, the Defendants, DAVID NATHANIEL BLACK, JR., CHRIS ELVINS CONSTANT, REGINALD DOUGLAS, GEORGE THOMPSON, CARSON MERICE, YVENORD GUERILUS, NICOLE COOLEY, RASHAD AVERY, RISE ROBINSON, and TARA BATSON, shall forfeit to the

25

United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, a money judgment representing the amount of property involved in the offense.

51. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

26

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

A _____ *Toue* _____ BILL

FOREPERSON

THEODORE S. HERTZBERG
 *United States Attorney*

 */s/ Kelly K. Connors*
KELLY K. CONNORS
 *Assistant United States Attorney*
Georgia Bar No. 504787

*/s/ Sarah Klapman*
SARAH KLAPMAN
 *Assistant United States Attorney*
Georgia Bar No. 437221

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303

404-581-6000; Fax: 404-581-6181